**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**COREY MARQUEE ADAMS (#357624)**  **CIVIL ACTION**

**VERSUS**

**18-191-JWD-RLB**

**LOUISIANA DEPT. OF CORR., ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 12, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**COREY MARQUEE ADAMS (#357624)**                    **CIVIL ACTION**

**VERSUS**

**18-191-JWD-RLB**

**LOUISIANA DEPT. OF CORR., ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Partial Summary Judgment filed on behalf of defendants Louisiana Department of Corrections, James Leblanc, Darrel Vannoy, Jerry Goodwin, Joseph Lamartiniere, Stephanie Lamartiniere, Jimmy Smith, Tim Delaney, Kevin Benjamin, Randy Lavespere, Trent Barton, Shirley Cooley, Tracy Falgout, Matthew Gamble, Melvin Warner, Lonnie Nail, Justine Worsham, Michael Strain, Jesse Bellamy, Mark Hunter, Roy Adams, and Roger Young (R. Doc. 41). The Motion is opposed. *See* R. Docs. 55 and 63.

*Pro se* plaintiff, an inmate formerly confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against the Louisiana Department of Corrections, LSP Prison Medical Providers, DWCC Prison Medical Providers, James Leblanc, Darrel Vannoy, Burl Cain, Jerry Goodwin, Joseph Lamartiniere, Asst. Warden Ducote, Jimmy Smith, Tim Delaney, Asst. Warden Benjamin, Trent Barton, Stephanie Lamartiniere, Shirley Cooley, Tracy Falgout, Dr. Gamble, Lt. Col. Wright, Melvin Warner, Lonnie Nail, Clay Williams, Justine Worsham, Michael Strain, Randy Lavespere, Mark Hunter, Major Bellamy, Roy Adams, Roger Young, Lt. Smith, Supervisor Darbone, EMT Diaz, Nurse Joel, EMT John Doe, Charles Barkmeyer, Jane Doe, Steve Hayden, River Kirby, Marcia Booker, Carol Gilcrease, Herman Holmes, Joel Williams, and Edward Honeycutt complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to

his serious medical needs.[1]  Defendants Louisiana Department of Corrections[2], James Leblanc, Darrel Vannoy, Jerry Goodwin, Joseph Lamartiniere, Stephanie Lamartiniere, Jimmy Smith, Tim Delaney, Kevin Benjamin, Randy Lavespere, Trent Barton, Shirley Cooley, Tracy Falgout, Matthew Gamble, Melvin Warner, Lonnie Nail, Justine Worsham, Michael Strain, Jesse Bellamy, Mark Hunter, Roy Adams, and Roger Young move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent administrative remedy proceedings.  The plaintiff opposes the Motion relying upon the pleadings, his own Declaration, excerpts of various administrative remedy proceedings, and the declarations of inmates Charles Parker, Courtney Becnel, Jay Taylor, Harold Bunch, and Deshain Moore.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.

---

[1] A review of the record reveals that defendants Darbone, Diaz, Wright, Honeycutt, and Dr. Barkmeyer have not been served because defendants Darbone, Diaz, Wright and Honeycutt's first names were needed in order for service to be accepted by the Department of Corrections, and because Dr. Barkmeyer was unknown to the DOC. *See* R. Doc. 21.  Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding.  Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.  The plaintiff has been informed of the lack of service and has failed to take action to direct service on these defendants. *See* R. Doc. 21.  It is appropriate, therefore, that the plaintiff's claims asserted against defendants Darbone, Diaz, Wright, Honeycutt and Dr. Barkmeyer be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

[2] Pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights.  The Department of Public Safety and Corrections is not a person within the meaning of § 1983.  *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011).  As such, the plaintiff's claims against the Louisiana Department of Corrections are subject to dismissal.

*Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended (R. Docs. 1, 6, 8, 31, and 69), the plaintiff alleges in short that on May 16, 2015 his upper body and head were shut in a cell door due to a mechanism dysfunction. As a result of the incident, the plaintiff began to suffer from vertigo and seizures which caused him to fall furthering injuring his head, neck, and back. The resultant unbearable pain causes the plaintiff to suffer from anxiety and depression resulting in acts of self-harm which include cutting of various body parts and banging of the head.

Despite numerous requests for treatment of his pain, the plaintiff has not been provided with any form of effective treatment for his pain. On several occasions of self-harm, the

plaintiff's resulting injuries were untreated or not promptly treated. On other occasions, the plaintiff's threats of self-harm were ignored resulting in the plaintiff being placed on standard watch only and ending in acts of self-harm. Additionally, the plaintiff has been written up for behaviors resulting from his mental illness and excessive force has been used against the plaintiff for the same reason. In September of 2017, the plaintiff filed a "sensitive ARP" directly with the secretary of the Department of Corrections. The ARP was rejected in October of 2017 and the details of the plaintiff's grievance became known at the prison. The following month, the plaintiff was transferred to the David Wade Correctional Center ("DWCC") in retaliation for filing the "sensitive ARP."

At DWCC some of the plaintiff's property was lost and some was unfairly confiscated. The plaintiff's medical and mental health needs still remain untreated, and the plaintiff is subjected to unconstitutional conditions of confinement.

The moving defendants assert that some of the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. More specifically, the moving defendants assert that the plaintiff has not exhausted his claims of excessive force, failure to protect, conditions of confinement, ADA/RA, retaliation and supervisory liability. The moving defendants also assert that the plaintiff has not exhausted his claim for deliberate indifference to his serious medical needs asserted against defendants LeBlanc, Vannoy, Goodwin, Benjamin, Delaney, Cooley, Nail, Warner, Barton, Young, Strain, and Worsham.

Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust

administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In Louisiana, an inmate must follow a two step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request into the first-step or rejects it for one of the enumerated reasons. If a request is accepted, the warden must respond on a first-step response form within forty (40) days of receipt of the request. If the inmate is dissatisfied with the response, he may proceed to the second-step of the ARP process by appealing to the Secretary of the Department of Public Safety and Corrections ("DOC"). The DOC Secretary must issue a response within 45 days from the date the request is received using a second step request form. The law is clear that exhaustion of administrative remedies occurs in one of the following three instances: "(a) when the relief requested has been granted; (b) when the second step response has been issued; or (c) when the grievance has been

screened and rejected for one of the reasons specified in Subsection I, Grievance Screening." 22 La. Admin. Code, Part I, § 325(F)(3)(a)(viii).

Upon a review of the plaintiff's pertinent administrative grievances ("ARPs"), *i.e.*, the grievances that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion should be granted in part. The plaintiff has not exhausted his claims asserted against moving defendants James LeBlanc, Darrel Vannoy, Jerry Goodwin, Joseph Lamartiniere, Tim Delaney, Kevin Benjamin, Trent Barton, Shirley Cooley, Tracy Falgout, Melvin Warner, Lonnie Nail, Justine Worsham, Michael Strain, Mark Hunter, and Roger Young.

In ARP LSP-2016-3400 the plaintiff complains of a lack of medical care for his chronic pain and injuries resulting from self-harm. On May 12, 2017, a First Step response was issued. On May 20, 2017, the plaintiff requested that this ARP be withdrawn so that his backlogged ARPs could be processed. *See* R. Doc. 41-3, pgs. 2, 6, 7, and 37. As such, the plaintiff did not proceed to the Second Step in the administrate remedy process.

In ARP LSP-2017-0472 the plaintiff complains of deliberate indifference to his serious medical needs by defendants S. Lamartiniere, Dr. Lavespere, Dr. Gamble, EMT Darbone, EMT Diaz, Bellamy, Adams, Wright, Smith, and Honeycutt. The plaintiff additionally complains of the use of excessive force by defendant Holmes and retaliation by Dr. Barkmeyer.[3] A First Step response was issued on June 28, 2017, and the plaintiff proceeded to the Second Step. A Second Step response was issued on September 29, 2017. *See* R. Doc. 41-4, pgs. 2, 11, and 12.

In ARP LSP-2017-0969 the plaintiff complained regarding his lack of care for his chronic pain. The plaintiff did not identify any specific person who denied him treatment. A First Step response was issued on September 28, 2017, and a Second Step response was received

---

[3] Defendants Darbone, Diaz, Wright, Honeycutt, and Barkmeyer have not been served.

by the plaintiff on April 6, 2018.  *See* R. Doc. 41-5, pgs. 2 and 32.  All of the plaintiff's grievances were denied.

As such, it appears from the record that the plaintiff has not exhausted any of his claims against moving defendants James LeBlanc, Darrel Vannoy, Jerry Goodwin, Joseph Lamartiniere, Tim Delaney, Kevin Benjamin, Trent Barton, Shirley Cooley, Tracy Falgout, Melvin Warner, Lonnie Nail, Justine Worsham, Michael Strain, Mark Hunter, and Roger Young.  However, the plaintiff asserts that additional claims were exhausted in ARP LSP-2015-2178 and a "sensitive ARP" filed directly with the DOC.

The plaintiff has not provided the Court with a copy of LSP-2015-2178 and a copy of the same has not been made part of the record of these proceedings.  As to the "sensitive ARP" the plaintiff has submitted copies of two documents labeled as such.  One is entitled, "1983 Deliberate Indifference to Serious Medical Needs/ADA."  *See* R. Doc. 55-2, pgs. 22-24.  The other is entitled, "1983 Deliberate Indifference to Serious Medical Needs/Retaliation."  *See* R. Doc. 55-2, pgs. 28-30.

Pursuant to Louisiana Administrative Code under Title 22, Part I, § 325(H)(1)(b), an offender may file a grievance directly with the secretary of the DOC if he believes the complaint is sensitive and that he would be adversely affected if the complaint became known at the institution.  The offender must explain, in writing, his reason for not filing the complaint at the institution.  If the secretary does not agree that the complaint is sensitive, the offender is to be notified in writing and the grievance is returned to the warden's office.  The offender then has five days from the date of the rejection memo to submit his request through the regular two step process detailed above.

Although the plaintiff states that these ARPs were rejected and resubmitted, the plaintiff has not provided the Court with any documentation showing that these ARPs were rejected by

the DOC, that the plaintiff then submitted his grievances within five days from the date of the rejection memos, and that the plaintiff then exhausted his claims through the regular two step process. Nor does the plaintiff assert that these ARPs were so exhausted. As such, the plaintiff's statements are unsubstantiated and the plaintiff has failed to identify specific evidence in the record to make a showing sufficient to establish the existence of an element essential to his case.

Accordingly, the plaintiff has not exhausted his claims against moving defendants James LeBlanc, Darrel Vannoy, Jerry Goodwin, Joseph Lamartiniere, Tim Delaney, Kevin Benjamin, Trent Barton, Shirley Cooley, Tracy Falgout, Melvin Warner, Lonnie Nail, Justine Worsham, Michael Strain, Mark Hunter, and Roger Young. Additionally, as pointed out by the moving defendants, the plaintiff has not exhausted any claims arising after March 1, 2017, the date ARP LSP-2017-0472 was filed by the plaintiff since said ARP is the only ARP containing exhausted claims against specified or identifiable persons. *See* R. Doc. 41-4, pg. 6.

However, the plaintiff has not failed to exhaust his claims of excessive force, failure to protect, conditions of confinement, ADA/RA, retaliation and supervisory liability in total as suggested by the defendants. ARP LSP-2017-0472 pertains to more claims than just claims of deliberate indifference to the plaintiff's serious medical needs. Therein, the plaintiff also complains of use of excessive force by defendant Holmes and retaliation by Dr. Barkmeyer[4]. Accordingly, the defendants' Motion (R. Doc. 41) should be granted in part.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendants Darbone, Diaz, Wright, Honeycutt, and Dr. Barkmeyer be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon them. Additionally, the summary judgment record establishes that the plaintiff failed to exhaust his administrative remedies as to certain claims prior to filing suit. As

---

[4] Dr. Barkmeyer has not been served.

such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving the plaintiff notice and a reasonable time to respond.  The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement.  *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008).  Accordingly,  it is recommended that the Motion for Partial Summary Judgment (R. Doc. 41) be granted in part, dismissing **_all_** of the plaintiff's claims, with prejudice, **_except_**: (1) the plaintiff's claim for deliberate indifference to his serious medical needs asserted against defendants S. Lamartiniere, Adams, Dr. Lavespere, Dr. Gamble, Bellamy, and Smith and (2) the plaintiff's claim for excessive force asserted against defendant Holmes.  It is further recommended that in all other regards the Motion (R. Doc. 41) be denied, and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on March 12, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**