## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**COREY MARQUEE ADAMS (#357624)**　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　　　18-191-JWD-RLB**

**LOUISIANA DEPT. OF CORR., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2019.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COREY MARQUEE ADAMS (#357624)**                         CIVIL ACTION

**VERSUS**

**LOUISIANA DEPT. OF CORR., ET AL.**                        18-191-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment filed on behalf of now remaining defendant Herman Holmes, and other defendants who have been dismissed since the filing of the instant Motion (R. Doc. 81)[1]. The Motion is opposed. *See* R. Doc. 89.

*Pro se* plaintiff, an inmate formerly confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") numerous defendants complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to his serious medical needs. Defendant Holmes moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of the plaintiff's pertinent administrative remedy proceedings. The plaintiff opposes the Motion relying upon the pleadings, his own Declaration, a Statement of Disputed Factual Issues, excerpts of his medical records, and a document titled Administrative Remedy Procedure.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party

---

[1] The plaintiff's claims asserted against defendants Booker, Gilcrease, and Williams were dismissed on April 3, 2019. See R. Doc. 90 and 95. The instant motion is moot with respect to those defendants.

moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended (R. Docs. 1, 6, 8, 31, and 69), the plaintiff alleges in short that on May 16, 2015 his upper body and head were shut in a cell door due to a mechanism dysfunction.  As a result of the incident, the plaintiff began to suffer from vertigo and seizures which caused him to fall furthering injuring his head, neck, and back.  The resultant unbearable

pain causes the plaintiff to suffer from anxiety and depression resulting in acts of self-harm which include cutting of various body parts and banging of the head.

Despite numerous requests for treatment of his pain, the plaintiff has not been provided with any form of effective treatment for his pain. On several occasions of self-harm, the plaintiff's resulting injuries were untreated or not promptly treated. On other occasions, the plaintiff's threats of self-harm were ignored resulting in the plaintiff being placed on standard watch only and ending in acts of self-harm. Additionally, the plaintiff has been written up for behaviors resulting from his mental illness and excessive force has been used against the plaintiff for the same reason. In September of 2017, the plaintiff filed a "sensitive ARP" directly with the secretary of the Department of Corrections. The ARP was rejected in October of 2017 and the details of the plaintiff's grievance became known at the prison. The following month, the plaintiff was transferred to the David Wade Correctional Center ("DWCC") in retaliation for filing the "sensitive ARP."

At DWCC some of the plaintiff's property was lost and some was unfairly confiscated. The plaintiff's medical and mental health needs still remain untreated, and the plaintiff is subjected to unconstitutional conditions of confinement.

Defendant Holmes asserts that the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. With regards to defendant Holmes, this Court has previously determined that the plaintiff failed to exhaust his claims, except with regards to his claim for excessive force. *See* R. Docs. 90 and 95). Contrary to the defendant's assertion, the plaintiff complains in ARP LSP-2017-0472 that defendant Holmes sprayed him with a chemical agent after the plaintiff had ceased his prohibited actions. *See* defendant's Exhibit 2 (R. Doc. 81-4, p. 7). As such, the defendants' Motion (R. Doc. 81) should be denied as to Holmes.

## **RECOMMENDATION**

It is recommended that defendant's Motion (R. Doc. 81) be denied, and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 22, 2019.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**