## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**COREY MARQUEE ADAMS (#357624)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**18-191-JWD-RLB**

**LOUISIANA DEPT. OF CORR., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 11, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COREY MARQUEE ADAMS (#357624)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

　　　　　　　　　　　　　　　　　　　　　　　　　　**18-191-JWD-RLB**

**LOUISIANA DEPT. OF CORR., ET AL.**

NOTICE

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Cross Motions for Summary Judgment filed on behalf of plaintiff Corey Adams (R. Doc. 124) and remaining defendants Jimmy Smith, Roy Adams, and Herman Holmes (R. Doc. 132).[1]

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against numerous defendants complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to his serious medical needs.[2]

The plaintiff moves for summary judgment relying upon the pleadings, which include his verified Complaint (R. Doc. 31), a Statement of Undisputed Facts, and his own declaration submitted under penalty of perjury. The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and the affidavit of defendant Holmes.

---

[1] Defendant Jimmy Smith is no longer a defendant in this matter. On September 19, 2019 the plaintiff's Amended Complaint was filed and therein the plaintiff corrected the name of defendant Jimmy Smith to Juan Smith. *See* R. Doc.

[2] All defendants have been previously dismissed except for defendants Juan Smith, Roy Adams, and Herman Holmes. *See* R. Docs. 90, 95, 96, 98, 101, and 108. The plaintiff's remaining claims are against defendant Smith and Adams for deliberate indifference and defendant Holmes for use of excessive force. Defendant Juan Smith has not yet been served.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges in summary that on May 16, 2015 his upper body and head were shut in a cell door due to a mechanism malfunction. As a result of the incident, the plaintiff began to suffer from vertigo and seizures which caused him to fall furthering injuring his head, neck, and back. The resultant pain causes the plaintiff to suffer from anxiety and depression resulting in acts of self-harm which include cutting of various body parts and banging of the head.

Despite numerous requests for treatment of his pain, the plaintiff has not been provided with any form of effective treatment. On several occasions of self-harm, the plaintiff's resulting injuries were untreated or not promptly treated. On other occasions, the plaintiff's threats of self-harm were ignored resulting in the plaintiff being placed on standard watch only and ending in acts of self-harm. Additionally, the plaintiff has been written up for behaviors resulting from his mental illness and excessive force has been used against the plaintiff for the same reason.

With regards to the plaintiff's claim against them, the moving defendants assert, *inter alia*, that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the moving defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established.

*Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.³

Undertaking the qualified immunity analysis with respect to the plaintiff's claim for deliberate indifference to his serious medical needs asserted against defendant Adams, the Court finds that the plaintiff's motion for summary judgment should be granted. Specifically, the Court finds that there are no disputed questions of material fact as to the deliberate indifference exhibited by defendant Adams. With respect to the plaintiff's claim for the use of excessive force against defendant Holmes, the Court finds that the cross motions for summary judgment should be denied in this regard. Specifically, the Court finds that there is a disputed question of material fact as to the need for the use of force.

Turning first to the plaintiff's claim asserted against defendant Adams, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official

---

³ The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts' discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). "Subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*.

The competent summary judgment evidence submitted by the plaintiff shows that defendant Adams was deliberately indifferent to the plaintiff's serious medical needs. In his verified Complaint the plaintiff states that on January 20, 2017 another inmate broke the light fixture in cell six and chewed the lightbulb. When the inmate was returned to the same cell, he committed suicide. The plaintiff was informed shortly thereafter that he would be placed in that cell. The plaintiff informed Col. Wright, Capt. Honeycutt and defendant Smith that he would harm himself if forced to move to cell six. The plaintiff was moved to the cell despite his warning, and once his restraints were removed the plaintiff ran headfirst into the concrete wall. The plaintiff then attempted to cut himself using an exposed screw from the broken light fixture. The plaintiff was instructed to stop and was then escorted to the shower. Col. Wright, Capt. Honeycutt, and defendant Smith then told the plaintiff it was "out of their hands" and placed the plaintiff back in cell six. The plaintiff again told these officers that he would continue to harm

himself. The plaintiff's warning was again ignored, and the plaintiff continuously cut his right and left forearms on the broken light fixture. Defendant Adams was notified and upon arrival at the unit, watched the plaintiff cut his arms and then told the plaintiff it was "out of his control" before leaving.

After defendant Adams left, the plaintiff was then able to break a long screw off the light fixture and use the screw and hard plastic from the light cover to continuously cut and scrape his forearms until they bled. The plaintiff's behavior continued until a male EMT intervened around 2:00 a.m. *See* R. Doc. 31, para. 98-114, and R. Doc. 124-3.

As such, the plaintiff's competent summary judgment evidence shows that defendant Adams was deliberately indifferent to the plaintiff's serious medical needs. Defendant Adams watched the plaintiff cutting himself with the broken light fixture, and rather than attempting to stop the plaintiff from inflicting further self-harm and take any action whatsoever, Adams walked away after stating "it was out of his control."

Though the defendants have filed their own motion for summary judgment, nothing in the motion or the documents attached thereto creates a genuine issue as to deliberate indifference on the part of defendant Adams. Rather, the defendants merely argue in their memorandum that defendant Adams was not deliberately indifferent.

As such, the defendants have not come forth with any competent summary judgment evidence to show the existence of a genuine issue of material fact. The Court has before it only the facts alleged in the plaintiff's verified Complaint which show a wanton disregard for the plaintiff's serious medical needs on the part of defendant Adams. Accordingly, based upon the

record before the Court, the plaintiff is entitled to summary judgment as a matter of law with regards to this claim.[4]

Turning to the plaintiff's claim against defendant Holmes, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably

---

[4] *See Grogan v. Kumar*, 873 F.3d 273 (5th Cir. 2017) (recognizing a valid cause of action and vacating summary judgment in favor of defendants where inmate had attempted suicide by overdosing on medication, laid on the floor for two days and was unable to eat, drink, walk, or barely talk, and was told by one defendant that she "didn't care" and was told by another defendant to "sleep it off" while neither provided any medical assistance. *Cf. Arenas v. Calhoun*, 922 F.3d 616 (5th Cir. 2019) (affirming summary judgment in favor of defendant who acted during an ongoing medical emergency by immediately calling for backup, securing the key to the inmate's cell, and entering the cell minutes later when given clearance by his supervisor to do so.)

perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

With regards to defendant Holmes the plaintiff alleges, in his verified Complaint, that on November 28, 2016, due to unbearable pain in his neck and back, he cut his abdomen 16 times and cut his right calf four times. The plaintiff was moved to the shower and seen by EMTs. Due to continued pain, he repeatedly cut his right forearm with a piece of a razor while in the shower. Defendant Holmes ordered the plaintiff to stop and instructed the plaintiff to give him the razor. The plaintiff stopped and dropped the razor down the shower drain. Defendant Holmes then sprayed the plaintiff with a chemical agent and denied the plaintiff a shower. As a result, the plaintiff felt intense burning which caused him to sweat. The sweat entered the cuts on his abdomen and leg. The plaintiff also suffered blurred vision, choking, and gagging.

In connection with the defendants' motion for summary judgment, the defendants have submitted the affidavit of defendant Holmes. Therein defendant Holmes states that a beeper was activated by Sgt. Hunter because the plaintiff was cutting his right forearm with a razor blade. Defendant Holmes rushed to the unit and gave the plaintiff a direct verbal order to stop cutting himself and to give him the razor blade. The plaintiff refused and defendant Holmes dispensed a small amount of chemical agent in order to gain control of the plaintiff to prevent him from continuing to cut himself. Prior to dispensing the chemical agent, defendant Holmes did not see the plaintiff drop the razor blade.

As such, the Court has been presented with two conflicting accounts of the complained of occurrence - whether the use of force was necessary to prevent further harm and/or establish control, or whether it was unreasonably applied as a gratuitous punishment. The Court cannot make credibility calls between these two conflicting versions of events. In sum, issues of fact as

to the need for the use of force preclude summary judgment on the issue of the alleged use of excessive force by defendant Holmes, and the Cross Motions for Summary Judgment should be denied in this regard.

## RECOMMENDATION

It is recommended that the plaintiff's Cross Motion for Summary Judgment (R. Doc. 124) be granted in part with respect to the plaintiff's claim of deliberate indifference to his serious medical needs on the part of defendant Adams. It is further recommended that in all other regards, the plaintiff's Motion be denied. It is further recommended that the defendants' Cross Motion for Summary Judgment (R. Doc. 132) be denied, and that this matter be referred back to the Magistrate Judge for additional proceedings herein.

Signed in Baton Rouge, Louisiana, on December 11, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**